IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICAH TRANSOU, #295373, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:22-cv-00031 |
| | ) | |
| TCIX, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Micah Transou, an inmate of the Turney Center Industrial Complex (TCIX) in Only, Tennessee, has filed a pro se Complaint for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis (IFP). (Doc. Nos. 1, 6.) The matter is before the Court for a ruling on Plaintiff's IFP application and an initial review of his Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 6) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

The Court must conduct an initial review and dismiss the Complaint[2] if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[2] One month after filing his Complaint, Plaintiff filed a second pleading (entitled "Civil Rights") reiterating his allegations and claims. (Doc. No. 4.) For purposes of initial review, the Court considers this second filing together with the Complaint.

face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). In applying this standard, the Court only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

**B. Plaintiff's Allegations**

Plaintiff alleges that, on March 16, 2022, counselor Wendy James contacted him to see if he would be interested in being "a part of the support team at Mark Luttrell Transitional Center (MLTC) in Memphis, TN." (Doc. No. 1 at 6.) Plaintiff confirmed his interest in transfer to MLTC because it provides opportunities for rehabilitation that are not available at TCIX. (*Id.* at 6–7; Doc. No. 4 at 1.) He was subsequently "reclassed" to MLTC under the "approving authority" of Chief

3

Counselor Todd Staples, who approved the transfer on March 24, 2022. (Doc. No. 1 at 7.)

On week later, Plaintiff was informed by Counselor James that his transfer to MLTC had been cancelled due to emails Todd Staples sent to James, Associate Warden Brad Cotham, and Grievance Chairperson Bridgette Allen indicating that Plaintiff was a sex offender and thus ineligible for the transfer. (*Id.*; *see also* Doc. No. 4 at 1–2.) Plaintiff objected that he, in fact, is not a sex offender, but Staples's cancellation of his transfer to MLTC nonetheless stood. (Doc. No. 1 at 7.) Plaintiff claims that "for the chief counselor, Mr. Staples, to approve me and then days later to cancel my rehabilitation by cancelling my transfer and putting me in a class of people that I am not and sharing that information has put his actions in error." (Doc. No. 4 at 3.) He alleges that, to even be recommended for membership on MLTC's support team, he would have had to undergo a background check to ensure that he was not a sex offender, so Staples must have "nefariously" and discriminatorily misread or misinterpreted his files in order to brand him as such and deny him the opportunity to participate in MLTC's rehabilitative programs. (*Id.*; *see also* Doc. No. 1 at 7.)

Plaintiff sues TCIX, Warden Jason Clendenion, Associate Warden Cotham, Chief Counselor Staples, and Grievance Chairperson Allen. (Doc. No. 1 at 1, 5–6.) He claims that the denial of his transfer to MLTC has caused him "mental anguish and stress." (Doc. No. 1 at 7; Doc. No. 4 at 2.) He further claims that, while pursuing administrative remedies through the prison grievance procedure, he was retaliated against "by job drop and not [being] allowed to work beyond the fence, labeling me as a 'sex offender.'" (Doc. No. 4 at 3.) As relief, Plaintiff seeks "to be able to go to MLTC," to have all responsible parties deliver a written apology, and to have "no retaliatory actions" taken against him. (Doc. No. 1 at 9.)

**C. Analysis**

Plaintiff's claim based on the cancellation of his arranged transfer to MLTC fails because

it does not involve the deprivation of any federal right, as required under Section 1983. Prison inmates have "no constitutional right to any particular placement or security classification," nor any "'justifiable expectation that [they] will be incarcerated in any particular prison within a State.'" *Duskin v. Olson*, No. 2:19-CV-155, 2019 WL 4873403, at *6 (W.D. Mich. Oct. 3, 2019) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). While Plaintiff may have benefitted from the additional rehabilitation opportunities at MLTC and would justifiably be distressed at being unfairly denied such opportunities, "participation in a rehabilitative program is a privilege," not a constitutional guarantee. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (rejecting constitutional claim based on pending warrant affecting prisoner's "classification and qualification for institutional programs"; finding that determination of "eligibility for rehabilitative programs" is within prison officials' discretion "and petitioner has no legitimate statutory or constitutional entitlement" thereto); *cf. Johnson v. Scotts Bluff Cnty. Sheriff's Dep't*, 245 F. Supp. 2d 1056, 1059–60 & n.3 (D. Neb. 2003) (finding that erroneous report that inmate had a pending felony detainer warrant "simply does not give rise to a constitutional claim pursuant to section 1983," even though inmate "was plainly inconvenienced, embarrassed, and distressed by the results of the . . . sloppy electronic record-keeping").

      Plaintiff's only remaining claim is asserted in his supplemental pleading, where he alleges that he was retaliated against "while [he] was grieving" the cancellation of his transfer, "by job drop and not [being] allowed to work beyond the fence, labeling me as a 'sex offender.'" (Doc. No. 4 at 3.) The Court liberally construes this assertion as an attempt to claim retaliation under the First Amendment. "To establish such a claim, a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of

5

Case 1:22-cv-00031   Document 8   Filed 04/21/23   Page 5 of 7 PageID #: 51

ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Hill*, 630 F.3d at 472 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)) (internal quotation marks omitted).

As to protected conduct, the filing of a prison grievance is protected under the First Amendment as long as the grievance is not frivolous, *id.*, and a grievance is not frivolous just because it fails to involve a constitutional violation. *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017). Thus, for purposes of initial review, Plaintiff adequately alleges that he engaged in protected conduct by grieving the cancellation of his transfer. However, as to adverse action, while the Sixth Circuit "has indicated that *loss* of a prison job can constitute an adverse action for retaliation purposes," *id.* at 146 (emphasis added), Plaintiff merely alleges an undefined "job drop" and restriction to work inside the fence; his financial affidavit reveals his continued employment at TCIX. (*See* Doc. No. 6 at 1.) These sparse allegations of actions short of termination from his prison job are insufficient to establish an adverse action. Even if that were not the case, the claim could not go forward because none of the named Defendants are identified as potentially culpable for the alleged job drop and work restrictions. *See Thaddeus-X*, 175 F.3d at 393 ("Because Defendant Karazim allegedly told X that "he was going to make sure that plaintiff [was] moved off the floor," indicating to X that he played some part in the decision to move X on base, Karazim is properly a defendant to X's retaliation claim[.]"). Accordingly, Plaintiff's allegations fail to support a plausible claim of First Amendment retaliation.

In sum, the Complaint fails to state a colorable constitutional claim and must therefore be dismissed.

6

## III. CONCLUSION

In light of the foregoing, Plaintiff's IFP application (Doc. No. 6) is **GRANTED**, and the $350 filing fee is **ASSESSED** as described above.

For the aforementioned reasons, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. Plaintiff's pending motions to appoint counsel (Doc. No. 5) and to ascertain status (Doc. No. 7) are **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE